# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

CARLETUS ADAMS
ADC # 151828                                                                                    PLAINTIFF

V.                          CASE NO. 2:12CV00153 KGB/BD

EAST ARKANSAS REGIONAL UNIT, et al.                                       DEFENDANTS

## RECOMMENDED DISPOSITION

**I.    Procedures for Filing Objections:**

The following Recommended Disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. A copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Mail your objections and/or "statement of necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## II.     Introduction:

Plaintiff Carletus Adams, an Arkansas Department of Correction inmate, brings this action pro se under 42 U.S.C. § 1983. (Docket entry #2) Mr. Adams claims that in March 2012, he received a major disciplinary for failing to report to school to take a "table test." As a result of the disciplinary conviction, Mr. Adams was sentenced to 30 days in punitive isolation, and his classification level was reduced.

After Mr. Adams was sentenced, Ms. Westbrook, who is not a Defendant in this lawsuit, allegedly informed Mr. Adams, as well as the other inmates punished for their failure to appear to take the scheduled "table test," that the order was actually never posted in the barracks, and that each of the inmates had been wrongly convicted. Mr. Adams's disciplinary conviction was ultimately overturned by Defendant Raymond Naylor, Disciplinary Hearing Administrator. Mr. Adams, however, complains that his classification level has not been restored. He names as Defendants the East Arkansas Regional Unit, as well as six ADC employees. He seeks only money damages.

If all allegations in the Complaint are assumed to be true, Mr. Adams still has not stated a federal claim for relief under 42 U.S.C. § 1983.

## III.    Discussion:

Federal courts are required to screen prisoner complaints seeking relief against a government entity, officer, or employee and dismiss any part of a complaint that raises claims that are frivolous, malicious, fail to state a claim upon which relief may be

granted, or seek money from a defendant who is immune from paying damages. 28 U.S.C. § 1915A(b).

    A.    East Arkansas Regional Unit

Mr. Adams names the East Arkansas Regional Unit as a Defendant in this lawsuit, but it is well-settled that state agencies, such as the East Arkansas Regional Unit, are not "persons" that can be sued under § 1983. *Brown v. Missouri Dep't of Corr.*, 353 F.3d 1038, 1041 (8th Cir. 2004) (per curiam). Accordingly, Mr. Adams's claims against the East Arkansas Regional Unit must be dismissed.

    B.    Due Process Violation

To prevail on a Fourteenth Amendment due process claim, a prisoner must show that he was deprived of life, liberty, or property by government action. *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Because Mr. Adams does not allege that Defendants deprived him of life or property, he must rely on the denial of a liberty interest to support his due process claim. *Id*.

A prisoner's liberty interests are limited to freedom from restraint which "imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or to actions which "inevitably affect the duration of [a prisoner's] sentence." *Sandin v. Conner*, 515 U.S. 472, 487 (1995).

Here, Mr. Adams claims that he was sentenced to thirty days in punitive isolation and that his classification level was reduced as a result of the unjustified disciplinary

conviction. Neither of these conditions of confinement can support a due process claim. Placement in punitive isolation for a relatively short interval, even if it means a temporary suspension of privileges while so confined, is not the type of "atypical and significant" hardship that would trigger the protection of the due process clause. See *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003), citing *Kennedy v. Blankenship*, 100 F.3d 640, 642 (8th Cir. 1996) (holding that a demotion to segregation alone, even without cause, was not an atypical and significant hardship). Further, an inmate has no liberty interest in a particular classification. *Sanders v. Norris*, 153 Fed. Appx. 403 (8th Cir. 2005).

Furthermore, if an inmate's disciplinary conviction is later reversed, the previously imposed changes to his confinement or reduction in classification are not enough to constitute a due process claim. See *Philllips*, 320 F.3d at 847–48 (8th Cir. 2003) (holding that thirty-seven days in isolation for a disciplinary charge that was later dismissed was not an atypical and significant hardship under *Sandin*); *Wycoff v. Nichols*, 94 F.3d 1187, 1189–90 (8th Cir. 1996) (finding no liberty interest at stake where a prisoner served forty-five days in administrative segregation before disciplinary decision was reversed).

Without an underlying liberty interest, Mr. Adams cannot prevail on his due process claim. He has failed to state a federal claim for relief.

**IV.  Conclusion:**

The Court recommends that Mr. Adams's claims be DISMISSED, with prejudice. In addition, the Court recommends that this dismissal count as a "strike" for purposes of

28 U.S.C. § 1915(g) and that the Court certify that an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

DATED this 3rd day of August, 2012.

_____
UNITED STATES MAGISTRATE JUDGE